UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERECK GOLLUBIER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GILBERT YBARRA, et al.,<br><br>　　　　　Defendants. | Case No.: 1:13-cv-01090-SAB (PC)<br><br>ORDER DISMISSING ACTION, WITHOUT PREJUDICE, FOR FAILURE TO COMPLY WITH A COURT ORDER<br><br>[ECF No. 11] |

　　　　Plaintiff Dereck Gollubier is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of the United States Magistrate Judge on July 31, 2013.  Local Rule 302.

　　　　On March 7, 2014, the Court screened Plaintiff's complaint and found that he stated a cognizable excessive force and assault and battery claims against Defendants Gilbert Ybarra and K. Oliver.  The Court granted Plaintiff the option of filing an amended complaint or proceeding on the claimS found to be cognizable.  On April 7, 2014, Plaintiff notified the Court of his intent to proceed only on the claims found to be cognizable.

　　　　On April 14, 2014, the Court ordered Plaintiff to complete and submit a Notice of Submission of Documents, provide one completed Summons for each defendant, one USM-285 form for each defendant, and two copies of the complaint within thirty days of the date of service.  (ECF No. 11.) Plaintiff failed to respond and/or comply with the Court's April 14, 2014, order.

1

1    On June 9, 2014, the undersigned issued an order to show, within fifteen days, why the action
2    should not be dismissed for failure to comply with a court order.  The fifteen day time period has
3    expired and Plaintiff has failed to file a response.
4    The Local Rules, corresponding with Rule 11 of the Federal Rules of Civil Procedure provide,
5    "Failure of counsel or of a party to comply with any order of the Court may be grounds for the
6    imposition by the Court of any and all sanctions … within the inherent power of the Court.  Local
7    Rule 110.  "District courts have inherent power to control their dockets, " and in exercising that power,
8    a court may impose sanctions including dismissal of an action.  Thompson v. Housing Authority of
9    Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, based on a party's
10   failure to prosecute an action or failure to comply with local rules.  See, e.g., Ferdik v. Bonzelet, 963
11   F.2d 1258, 1260-1261 (9th Cir. 1991) (dismissal for failure to comply with an order requiring
12   amendment of complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal
13   for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)
14   (dismissal for failure to prosecute and to comply with local rules).
15   In determining whether to dismiss an action for failure to comply with a pretrial order, the
16   Court must weigh: (1) the public's interest in expeditious resolution of litigation; (2) the court's need
17   to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring
18   disposition of cases on their merits; and (5) the availability of less drastic sanctions.  In re
19   Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006)
20   (quotation marks and citation omitted).  These factors guide a court in deciding what to do and are not
21   conditions that must be met in order for a court to take action.  In re PPA, 460 F.3d at 1226 (citation
22   omitted).
23   Here, the public's interest in expeditiously resolving this litigation and the Court's interest in
24   managing the docket weigh in favor of dismissal.  Judges in the Eastern District of California carry
25   one of the heaviest caseloads in the nation, and this Court cannot, and will not hold, this action in
26   abeyance given Plaintiff's failure to comply with the deadline set forth by the Court and failure to
27   prosecute.  The risk of prejudice to the defendants also weighs in favor of dismissal, since a
28

presumption of injury arises from the occurrence of unreasonable delay in prosecution of an action. See Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).

Plaintiff was warned that the action would be dismissed based on his failure to comply with a court order. (ECF Nos. 11, 12.) Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's orders, and his failure to prosecute the action. The warning that the failure to comply will result in dismissal satisfies the requirement that the Court consider less drastic measures. Ferdik, 963 F.2d at 1262; Henderson, 779 F.2d at 1424. Given Plaintiff's failure to comply, the policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal.

Based on the foregoing,

IT IS HEREBY ORDERED the instant action is dismissed, without prejudice, for failure to comply with a court order.

IT IS SO ORDERED.

Dated:   **July 22, 2014**

UNITED STATES MAGISTRATE JUDGE